[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14256
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00211-MTT-CHW

TRAVIS JONATHAN MITCHELL,

Plaintiff-Appellant,

versus

WARDEN, BALDWIN STATE PRISON, et al.,

Defendants,

LARRY JORDAN,
Deputy Warden of Security,
Baldwin State Prison,
CAPTAIN DEXTER SPIKES,
Baldwin State Prison,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 18, 2019)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Travis Mitchell, a federal prisoner, appeals *pro se* the dismissal without prejudice of his complaint against Deputy Warden Larry Jordan and Captain Dexter Spikes of the Baldwin State Prison. 42 U.S.C. § 1983. Mitchell complained that the officers exhibited deliberate indifference to his safety by failing to confiscate a contraband weapon that another inmate used to stab him, but the district court ruled that Mitchell had failed to exhaust his available administrative remedies under the Prison Litigation Reform Act. *See id.* § 1997e(a). We affirm.

We review *de novo* a dismissal for failure to exhaust administrative remedies. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). The Act states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust administrative remedies requires dismissal of a civil action. *See Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2005).

Under the standard operating procedures of the Georgia Department of Corrections, a prisoner must file a grievance no later than 10 calendar days from the date he knew, or should have known, the facts supporting his grievance. Officers must respond to the grievance within 40 days, subject to a 10-day

2

extension. The failure to respond is treated as a denial that can be appealed. The prisoner must appeal within "7 calendar days" of the date that he receives the response, that he receives a decision on his grievance, or that the time for a decision expires. The operating procedures waive the requirement to appeal for grievances that allege "sexual assault and physical force involving non-compliance with Department policies" because those grievances are automatically referred to the Internal Investigations Unit. The operating procedures define "physical force involving non-compliance" as "staff use of force" that violates the "intent of and the purpose of written policy and procedures" of the Department.

The district court did not err by dismissing Mitchell's complaint without prejudice for failure to exhaust. The district court accepted as true Mitchell's allegation that he gave an officer in the infirmary a grievance on December 17, 2015, which was 7 days after his stabbing. *See Turner v. Burnside*, 541 F.3d 1077, 1083 (11th Cir. 2008). But Mitchell never appealed after the deadline expired for Deputy Warden Jordan and Captain Spikes to file a response. Mitchell argued that he did not have to appeal because his grievance involved the use of physical force in violation of department policies, but that exception did not apply to Mitchell because he was injured by an inmate, not by a prison officer. Mitchell filed a second grievance about the stabbing on February 4, 2016, on the ground that he "never got [a] receipt" that verified the filing of his first grievance. After the

3

Warden denied Mitchell's second grievance on May 10, 2016, Mitchell allowed the 7-day deadline to appeal to expire before he filed an appeal on May 20, 2016.

We **AFFIRM** the dismissal of Mitchell's complaint.